**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STATE OF MINNESOTA,                                        Case No. 26-CR-112 (NEB)

        Plaintiff,

v.                                                                          ORDER SETTING
                                                                            EVIDENTARY HEARING

GREGORY DONNELL MORGAN, JR,

        Defendant.

---

Gregory Donnell Morgan, Jr., is a Special Agent with Immigration and Customs Enforcement. While driving an unmarked car, he allegedly pointed his weapon at passengers in another car. The State charged Morgan with two counts of Assault in the Second Degree—Dangerous Weapon. Morgan filed a notice of removal in this Court.

The Court should order summary remand if it clearly appears on the face of the notice for removal that removal is impermissible. 28 U.S.C. § 1455(b)(4). Otherwise, the Court shall order an evidentiary hearing. § 1455(b)(5). To remove to federal court, Morgan must establish that (1) he is a federal officer; (2) there was a causal connection between Morgan's actions and his official authority, 28 U.S.C. § 1442(a)(1); *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 715 (8th Cir. 2023); and (3) Morgan can assert a colorable federal defense, *Mesa v. California*, 489 U.S. 121, 139 (1989).

Because removal is not clearly impermissible, the Court orders an evidentiary hearing. First, Morgan is a federal officer. Second, Morgan alleges that when he brandished his weapon, he was acting in his capacity as a federal officer and executing an order to extract his team from an operation in a hostile neighborhood. According to Morgan, the other car was swerving dangerously, and Morgan showed his weapon to

identify himself as a federal officer. And third, Morgan asserts federal immunity under the Supremacy Clause, alleging that he acted in his official federal capacity and did nothing beyond what was authorized and necessary. *See In re Neagle*, 135 U.S. 1, 75 (1890).

At this stage, the Court cannot say whether Morgan will ultimately satisfy the removal standard. But the Court also cannot say that it clearly appears on the face of the removal notice that removal would be inappropriate. The Court orders an evidentiary hearing.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   Morgan's removal request is set for an evidentiary hearing;

2.   The parties are to contact Kristine Wegner, Courtroom Deputy for Judge Brasel, to discuss available hearing dates and the scope of the evidence that the parties intend to introduce at the hearing.

Dated: June 22, 2026                                      BY THE COURT:

                                                          s/Nancy E. Brasel
                                                          Nancy E. Brasel
                                                          United States District Judge