

**JOHN MARTI**
**Of Counsel**
**(612) 492-6775**
**FAX (612) 340-2868**
**marti.john@dorsey.com**

July 27, 2026

**<u>VIA ELECTRONIC FILING</u>**

The Honorable Nancy E. Brasel
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

      Re:     State of Minnesota v. Morgan, Court File No. 0:26-cr-00112-NEB-1

Dear Judge Brasel:

I represent the victims, T.B. and B.A., who are currently scheduled to testify at the removal hearing. Following the Department of Justice's public brief alleging that my clients committed federal felonies—and in the absence of any assurance that their testimony will not be used against them—my clients will invoke their Fifth Amendment privilege and decline to testify unless compelled by court order under a grant of federal immunity.[1]

My clients have no view on the issue of removal, but I was disturbed by the Statement of Interest recently filed by Department of Justice attorneys (Doc. 26) in support of removal, publicly asserting that my clients assaulted Defendant Morgan, and accordingly, Defendant Morgan's assault of my clients was lawful.

Among other things, the Department's attorneys who filed the Statement of Interest have fundamentally misrepresented the evidence to which they point the Court. These mischaracterizations directly impact my clients' rights, and Statement of Interest's implication that my clients may be subject to federal prosecution violates the U.S. District Court's Local Rules incorporating the Minnesota Rules of Professional Responsibility, as well as the ABA Criminal Justice Standards.[2]

---

[1] Immunity of Witnesses, 18 U.S.C. §§ 6001–6005 (2018).

[2] As the Court is aware, federal prosecutors appearing in this District are subject to the Minnesota Rules of Professional Conduct. Ethical Standards for Attorneys for the Government, 28 U.S.C. § 530B. The prosecution's misleading representations implicate Minnesota Rules of Professional Conduct 3.3 and 3.8.  The Department of Justice's conduct is also contrary to ABA Criminal Justice Standard 3-1.4(b): "The prosecutor should not make a statement of fact or law, or offer evidence, that the prosecutor does not reasonably believe to be true, to a court, lawyer, witness, or third party…"; *available at* https://www.americanbar.org/groups/criminal_justice/resources/standards/prosecution-function/; *see also* ABA Criminal Justice Standard 3-1.6(a) ("A prosecutor should not use other improper



The Honorable Nancy E. Brasel
July 27, 2026
Page 2

### The Government's Evidentiary Mischaracterization Obstructs These Proceedings

In its Statement of Interest, the government's attorneys assert the following:

Video footage shows that the driver swerved in front of or at Officer Morgan at least twice in a matter of seconds. At the second swerve shown, the other car drives so close to Officer Morgan, so suddenly and abruptly that Officer Morgan is forced to swerve to the right, nearing the edge of the road. The white car then continues up into the rest of traffic. The two vehicles drive alongside one another for a time until both merge into traffic.

Doc 26 at 4.

As the basis for this assertion, the government points to publicly available videos in a footnote. Doc 26 at 4, fn.4. Yet, an objective review of those videos (which I invite the Court to review) does not support the claims made by these attorneys. To be sure, the video is unclear; but it does not show the so-called "swerving" they claim the videos reflect. Instead, these attorneys are simply parroting the claims made by the Defendant when the Minnesota State Patrol interviewed him. The video does not support the claims made by the attorneys, as the attorneys represent to this Court.

Moreover, not only is the characterization of the video wholly unsupported, the government's claims regarding the events of that day fail to pass the simple smell test. The government never investigated this incident and never attempted to interview my clients. Yet attorneys for the Department of Justice now assert that:

Given the probable cause to believe the driver committed a federal crime and may well have intended to do so again, Officer Morgan was justified in making a show of force.

Doc. 26 at 15.

DOJ attorneys claim the Defendant and his partner were merely "traveling to their base" Doc. 26 at 4, when my clients allegedly committed an assault with their vehicle. But if that characterization were accurate, the Defendant would have stopped and arrested my clients. Instead, he took no action to arrest them for an alleged assault with a "deadly weapon" Doc. 26

---

considerations, such as partisan or political or personal considerations, in exercising prosecutorial discretion."); *see also United States v. Freisinger,* 937 F.2d 383, 386 (8th Cir. 1991) (relying on the ABA Criminal Justice Standards as illustrative of a federal prosecutor's ethical obligations).



The Honorable Nancy E. Brasel
July 27, 2026
Page 3

at 14. He brandished his firearm to threaten my clients and continued passing through traffic on the side of the road.

Department of Homeland Security (DHS)[3] policy requires agents to notify supervisors immediately and file a report after an assault. If an agent draws a weapon or uses force, policy strictly requires a Use of Force report without delay.[4] The government does not contend that Defendant Morgan made such a report at that time. Further, when interviewed, the Defendant's supervisor stated that neither the Defendant nor his partner reported the incident. Complaint, Doc. 2 at 3. And despite the (plainly) low threshold for federal prosecutions of Assault on a Federal Officer, no prosecution was initiated.

This is not the first time Department of Justice attorneys have made false assertions in Court based on DHS agent false claims. During Operation Metro Surge, when DHS agents claimed—often falsely—that they were assaulted, the Department of Justice moved swiftly, immediately filing criminal charges under 18 U.S.C. § 111. As the Court may know, the Department of Justice has now dismissed at least 21 separate cases alleging Assault on a Federal Officer in the District of Minnesota.[5] In many of these cases, even the Department of Justice conceded that the evidence did not support the claims made by DHS agents after bringing charges against innocent individuals.[6]  The unprecedented number of failed prosecutions reflects a deeply troubling shift among Department of Justice attorneys: allegations and assertions in Court filings are no longer based on evidence and facts, but rather a desire to protect misconduct by DHS agents.

The fact that there was no federal investigation of an Assault on a Federal Officer at the time of the events makes the timing of these allegations in the Statement of Interest troubling; it occurs when my clients are scheduled to testify. Moreover, the Statement of Interest even highlights the enhanced penalties my clients could be subject to for an alleged assault with a "deadly weapon," which has no relevance to the Government's pleading. Doc. 26 at 14. The reasonable inference from its inclusion is that these attorneys intend to intimidate witnesses in a criminal prosecution, thus forcing them to invoke Fifth Amendment rights and silencing their

---

[3] "Department of Homeland Security" or "DHS" refers collectively to the U.S. Department of Homeland Security and all of its component agencies, directorates, and operational elements.
[4] DHS Policy Statement 044-05, Department Policy on the Use of Force (2018), https://www.dhs.gov/sites/default/files/publications/mgmt/law-enforcement/mgmt-dir_044-05-department-policy-on-the-use-of-force.pdf.
[5] This pattern of failed cases is not unique to Minnesota. *See* "They Were Charged With Assaulting ICE Agents. The Cases Are Crumbling," *The New York Times*, July 18, 2026, *available at* https://www.nytimes.com/2026/07/18/us/ice-assaults-protesters.html?eafs_enabled=false.
[6] *See, e.g.,* Gov't Mot. to Dismiss at 1, *U.S. v. Rank*, No. 26-mj-00056-JNE-DLM (D. Minn. Jul. 21, 2026) ECF No. 59 ("Upon a further review of the evidence and affidavit in support of the complaint, the government does not believe that probable cause for assault exists.")



The Honorable Nancy E. Brasel
July 27, 2026
Page 4

testimony. This is in itself unethical and possibly a federal offense.[7] This threat is egregious and improper, and threatens the integrity of the judicial system.

The Court need not accept the government's representations at face value. The Court possesses inherent authority to supervise proceedings and safeguard the administration of justice from attorney misconduct. *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993). To prevent these proceedings from being compromised by unsupportable allegations and threats, the Court should order the Department of Justice attorneys to appear at the hearing to testify regarding the factual basis underlying, and the circumstances surrounding the Statement of Interest.  Requiring the Department of Justice to substantiate and explain its assertions through an evidentiary hearing is both necessary and appropriate to ensure that removal jurisdiction rests on genuine facts rather than unverified claims, and that attempted witness intimidation does not succeed.

On behalf of my clients, I also request that the Court order the Department of Justice as an "interested party" to preserve all records, communications, emails and text messages about the Defendant's conduct on the evening in question and all government investigations or inquiries relating to any such efforts.

### Legal Basis for Invocation of Fifth Amendment Privilege

The Fifth Amendment privilege against self-incrimination protects a witness when there is a real and substantial fear that the government will use their testimony to incriminate them. *United States v. Washington*, 318 F.3d 845, 856 (8th Cir. 2003). The privilege guards against "real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 (1972); *In re Grand Jury Proceedings (Samuelson)*, 763 F.2d 321, 324 (8th Cir. 1985).

Specifically, the government argues that my client "swerved in front of or at Officer Morgan," giving Officer Morgan "probable cause to believe the other driver was committing interference with and assault on a federal officer." Doc. 26 at 4, 12. The government concludes that driving a car in a manner that could cause a collision qualifies as an offense under 18 U.S.C. § 111, emphasizing that "[t]he suspect needs only 'to intend to use the car'" and that there is no requirement that an assailant be aware of the victim's status as a federal officer. Doc. 26 at 14. The government has no evidence and has presented no evidence that my clients were aware of the Defendant's status as a federal officer.

The threat to my clients is neither remote nor theoretical. The Statement of Interest is a transparent attempt at witness intimidation to deprive the State of Minnesota of essential

---

[7] *United States v. True*, No. 98-3824, 1999 U.S. App. LEXIS 18756, at *9 (8th Cir. Aug. 11, 1999) (prosecutor's threats to charge witness "were an impermissible, coercive threat designed to prevent [a witness] from testifying."); *see also* 18 U.S.C. § 1512 (Tampering with a witness, victim, or an informant).



The Honorable Nancy E. Brasel
July 27, 2026
Page 5

testimony in an ongoing criminal prosecution, all in order to protect a DHS agent charged with an assault. The Eighth Circuit has recognized that "[t]he district court is ordinarily in the best position to 'appreciate the essential facts' and must 'be permitted to exercise some discretion, fructified by common sense, when dealing with this necessarily difficult subject.'" *United States v. Washington*, 318 F.3d at 856. Common sense dictates that witnesses face genuine jeopardy when this Department of Justice files a public brief alleging that their conduct constitutes federal felonies.

- **Explicit Target of Civilian Conduct:** The Statement explicitly labels my clients' actions as "reckless," Doc. 26 at 9, as "repeatedly interfering with [Defendant Morgan's] federal law enforcement duties," Doc. 26 at 2, and as "engaging in conduct a law enforcement officer could reasonably conclude was causing danger." Doc. 26 at 2. The Statement of Interest lays the complete legal and factual groundwork for § 111 charges.

- **Misuse of Statement of Interest Procedure:** Although filed pursuant to 28 U.S.C. § 517 to assert non-party interests, the Statement of Interest goes far beyond addressing removal jurisdiction. It dedicates substantial argument to arguing that my clients violated federal criminal law with extreme penalties, using a procedural mechanism to signal that my clients' conduct is actively under criminal scrutiny.

- **Demonstrated Hostility and Institutional Pattern:** The filing reveals explicit hostility toward my client. In a district where the Department of Justice has demonstrated a pattern of using § 111 charges to chill opposition to immigration enforcement operations, my clients have every reason to fear retaliatory prosecution if they testify truthfully in a manner that contradicts the Department of Justice's narrative or supports the State's case.

**Conclusion and Requested Relief**

For the foregoing reasons, my clients will invoke their Fifth Amendment privilege and decline to testify *at the removal hearing*. The Department of Justice's Statement of Interest has created a real and substantial risk that any testimony they provide will be weaponized against them in a federal prosecution under 18 U.S.C. § 111. The Department of Justice has given no assurances or guarantees that my clients will not face prosecution. My clients reserve the right to testify at future proceedings.

I request that the Court excuse my clients from testifying and permit them to invoke their Fifth Amendment privilege without requiring them to take the stand. Should the Court require a further showing, I am prepared to present additional argument and evidence at the scheduled hearing.

I also respectfully request that the Court exercise its inherent authority and supervisory powers to address the conduct of the Department of Justice attorneys. As a representative of a sovereign entity, these attorneys are held to a heightened ethical standard; their duty is not merely to win a case, but to ensure that justice is done. Here, attorneys' actions fall far below



The Honorable Nancy E. Brasel
July 27, 2026
Page 6

their professional obligations, threatens the fundamental integrity of these proceedings, and unjustly impacts my clients' rights.

Sincerely,

DORSEY & WHITNEY LLP

John Marti
Of Counsel

JM:ae

Cc: All Counsel of Record