UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-CR-112-NEB

STATE OF MINNESOTA,

RESPONSE TO LETTER

v.

GREGORY DONNELL MORGAN, JR.,

*Defendant.*

On June 27, 2026, counsel for witnesses T.B. and B.A. filed a letter with the Court indicating that T.B. and B.A. intend to invoke their Fifth Amendment right not to further incriminate themselves if called to testify at the upcoming evidentiary hearing scheduled for August 5, 2026. *See* Doc. 35 at 2-3. The letter also includes unnecessary vitriol and serious but unfounded accusations that counsel for the United States filed its Statement of Interest and mischaracterized video evidence to intimidate T.B. and B.A. from testifying. The letter requests that the Court order counsel for the United States to testify at the upcoming hearing "regarding the factual basis underlying, and the circumstances surrounding the Statement of Interest." *Id.* at 4.[1]

No live testimony by any counsel is warranted, let alone necessary. Consistent with the Court's instructions at the July 13 status conference, counsel for the United States plans to present argument at the upcoming evidentiary hearing regarding the

_____

[1] The United States objects to any request that it provide confidential information protected by the attorney-client, work product, and deliberative process privileges.

proper legal standard for removal, then submit a post-hearing brief regarding the application of that standard to the evidence. Counsel from all sides are free to rebut any characterizations of the evidence as they are able. The Court is then free to view the video and determine for itself what it depicts.

In response to the unfounded accusation of intimidation, the United States notes that, as its Statement of Interest makes clear, it filed its Statement "in support of the removal of this criminal prosecution to federal court." Doc. 26 at 1. As the Statement also makes clear, the discussion of probable cause regarding federal crimes demonstrated that Officer Morgan's alleged actions were under the color of his office, an element in the removal inquiry. *See id.* at 6, 8-16. Counsel's baseless accusation of ulterior, nefarious motives—predicated on an assumption that the United States *could have* and *should have* crafted its Statement differently—simply warrants no merit.

Further, the Statement's characterization that T.B. and B.A. swerved twice in front of or at Officer Morgan's vehicle is amply supported by video evidence.[2] Indeed, at timestamps 00:02 - 00:05, the suspect vehicle is clearly across the white divider line, in front of Office Morgan's vehicle. And again, at timestamps 00:11 - 00:13, the suspect vehicle is clearly across the white divider line, in front of Office Morgan's vehicle, for a second time. As part of the sharp, second swerve, the driver also appears

---

[2] *See* FOX 9 Minneapolis-St. Paul, *Video: ICE agent points gun at another driver*, (YouTube, Apr. 17, 2026), https://www.youtube.com/watch?v=K3xsayRKNRg.

to have engaged his brakes as Officer Morgan approaches. The video shows the brake lights.

This interpretation is consistent with the State's own theory of the case, which argues that the driver "twice briefly moved his car partially onto the shoulder to slow the defendant down and prevent the defendant's efforts to jump the traffic queue. Both times, [the driver] returned to the traffic lane." Doc. 8 (MN Mot. to Remand) at 4; *see also* Doc. 2, at 2 (describing victim statement that the driver "moved their car partially onto the shoulder in front of the Expedition, attempting to 'cut him off a little bit' and block the Expedition driver's effort to bypass traffic unlawfully"). Counsel for T.B. and B.A. offers no contrary interpretation. To the extent counsel for T.B. and B.A. contests the use of the word "swerve" versus the State's choice of the phrase "moved his car," such minor interpretive quibbles are hardly the basis for an accusation of misconduct, and are something the Court can easily resolve upon viewing the video itself.

If T.B. and B.A. intend to invoke their Fifth Amendment right not to further incriminate themselves, then that is their right and their choice. But that invocation should not be justified by incendiary accusations of intimidation that have no basis in law or fact.[3]

---

[3] Contrary to counsel's arguments (*see* Doc. 35 at 1 n.2, 4 n.7), the undersigned are not prosecutors. They work for the Department of Justice's Civil Division.

Dated: July 29, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director
Torts Branch

SIEGMUND F. FUCHS
Senior Trial Counsel
Civil Division, Torts Branch

/s/ Paul C. Quast
Paul C. Quast
Colorado Bar No. 49154
Senior Trial Attorney
/s/ Jonathan R. Myers
Jonathan R. Myers
D.C. Bar No. 1601183
Trial Attorney
U.S. Department of Justice
Constitutional Torts Staff
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
202-256-9250
paul.c.quast@usdoj.gov
jonathan.r.myers@usdoj.gov

*Attorneys for Interested Party United States of America*

4