

July 30, 2026

**VIA ELECTRONIC FILING**

The Honorable Nancy E. Brasel
United States District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

**Re: State of Minnesota v. Morgan, Court File No. 0:26-cr-00112-NEB-1**

Dear Judge Brasel:

I represent Gregory Morgan in the above matter. I write in response to Mr. Marti's July 27, 2026 letter to the Court (Doc. 35), filed on behalf of witnesses T.B. and B.A., which asks the Court to excuse T.B. and B.A. from testifying at the August 5, 2026 evidentiary hearing under 28 U.S.C. § 1455(b)(5) based solely on Mr. Marti's representation that his clients intend to invoke the Fifth Amendment. This letter addresses that request only. Agent Morgan reserves the right to respond to any other issue posed by Doc. 35 correspondence.

T.B. and B.A. are necessary witnesses. Doc. 30. They have been served with subpoenas (Mr. Marti accepted service) requiring their personal appearance at the August 5, 2026 evidentiary hearing. The removal hearing under § 1455(b)(5) is a mandatory, adversarial evidentiary proceeding. *see* all prior briefing; *see also e.g. Georgia v. Clark*, 119 F.4th 1304, 1305 (11th Cir. 2024) (district court received live witness testimony at a § 1442 removal hearing). Agent Morgan has fundamental constitutional rights to call T.B. and B.A., examine them on the record, and compel their attendance by subpoena. Doc. 30; *Washington v. Texas*, 388 U.S. 14, 19 (1967) (right to compel witness attendance is a fundamental element of due process).

In this situation, witnesses cannot claim blanket privilege to avoid testifying. The privilege must be asserted question by question, and the Court must make a particularized inquiry into the legitimacy and scope of each assertion before any witness is excused from answering. *See U.S. v. Washington*, 318 F.3d 845 (8th Cir. 2003)



(discussing inquiry procedures into whether the witness's responses to determine if privilege applies); *U.S. v. Allmon*, 594 F.3d 981 (8th Cir. 2010) (witness has burden to demonstrate "danger"); *Ueckert v. Comm'r*, 721 F.2d 248 (8th Cir. 1983) (witness has burden to establish danger of self incrimination is real and appreciable versus remote or speculative); *see also United States v. Goodwin*, 625 F.2d 693 (5th Cir. 1980) (reversible error to allow witnesses to assert blanket Fifth Amendment privilege); *United States v. Castro*, 129 F.3d 226 (1st Cir. 1997) (The privilege cannot be invoked on a blanket basis); *United States v. Drollinger*, 80 F.3d 389 (9th Cir. 1996); *In re Morganroth*, 718 F.2d 161 (6th Cir. 1983) (blanket assertion insufficient); *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (privilege depends on whether the witness has reasonable cause to apprehend danger "from a direct answer"); *National Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595 (3d Cir. 1980) (witness may not invoke a blanket privilege prior to the propounding of questions). This task may only be accomplished with the witness under oath, on the stand, question by question in a methodical manner for each witness. In addition, this process protects the rights of both Agent Morgan, as well as the complaining witnesses.

Thank you for the Court's attention to this matter.

Sincerely,

**PACYGA TRIAL LAWYERS**

Ryan Pacyga

cc: All Counsel of Record