**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| |
|---|
| STATE OF MINNESOTA, |
| v. |
| GREGORY DONNELL MORGAN, JR., |
| *Defendant.* |

No. 26-CR-112 (NEB)

**STATE OF MINNESOTA'S RESPONSE TO THE DEFENDANT'S**
**MOTION REGARDING THE STATE-COURT PROTECTIVE ORDER (ECF No. 45)**
**AND MOTION FOR RECIPROCAL PROTECTIVE ORDER (ECF No. 46)**

Defendant Gregory Morgan has filed two motions about protections for information relating to witnesses in this case. The defendant first criticizes the protective order issued by the state court in *State of Minnesota v. Gregory Donnell Morgan, Jr.*, Court Case No. #27-CR-26-9656, faulting the processes by which the state court issued that order and suggesting that the order keeps him from attending the evidentiary hearing on removal before this Court or presenting evidence at that hearing. ECF No. 45. He also requests a protective order governing defense witnesses at the removal hearing. ECF No. 46.

The defendant's motions distill to a single contradictory request for this Court to withdraw some existing protections relating to the two Victims in this case, ECF No. 45 at 5—whom the defendant plans to call as *his* witnesses at the hearing on removal—while imposing "equivalent" and "comparable" restrictions on material related to any and all *other* defense witnesses, ECF No. 46 at 4. Tacked on to the defendant's request are his suggestions that the State should be precluded from offering any redacted material at the hearing, ECF No. 45 at 5, and from using any defense-

provided information after the hearing concludes, ECF No. 46 at 5-6, as well as a vague demand for "any other relief as justice requires," *id.* at 6.

The State agrees that witnesses who testify at the removal hearing should do so in open court and put their names on the record; however, redaction of witnesses' personal identifying information (such as personal addresses and phone numbers) in any material used or submitted at the hearing remains appropriate and necessary. The State further agrees that the defendant may be present for the court proceedings and offer evidence in his case for removal. To the extent the defendant's state-court protective-order motion seeks no other relief, *see* ECF No. 45 at 5, the State does not oppose it. But the defendant identifies no legal or factual basis for imposing a blanket protective order covering information relating to any and all defense witnesses—while at the same time removing existing protections for the Victims—or restricting the State's use of such information to the removal hearing. Accordingly, the defendant's motion for a separate protective order from this Court (ECF No. 46) should be denied.

## I.   STATE-COURT PROTECTIVE ORDER

As the defendant recognizes, the protective order in *State of Minnesota v. Gregory Donnell Morgan, Jr.*, Court Case No. #27-CR-26-9656, limits the defense in sharing the names of and information relating to the Victims in this case. Under the terms of that state-court order, the defense may not share unredacted material concerning the Victims, or reveal the Victims' names, to the defendant or beyond the defense team.[1] ECF No. 45-1. The order specifically prohibits the defense from revealing the identities of the Victims, including at a removal hearing in federal court, "absent any additional court order." *Id.* The state-court order does not apply to material

---

[1] These terms align with a victim's right, under Minnesota State law, to request that law enforcement withhold public access to identifying information. *See* Minn. Stat. Ann. § 611A.021. The Victims in this case have invoked that right.

regarding any other witness for the State or for the defense, including witnesses that either party might call to testify at trial or at any pretrial hearing.

The defendant has made clear his intent to call the two Victims in this case to testify in support of his request for removal to federal court. *See* ECF Nos. 45; 37 at 1; 30 at 1-2. Rather than seek modification of the existing protective order from the state court, the defendant has petitioned this Court to suspend the order's protections for purposes of the removal hearing. ECF No. 45 at 5. He asks the Court to direct that the defendant be present at the removal hearing, that witnesses at the hearing testify in open court and put their names on the record, and that the defendant be permitted to offer evidence and argument at the hearing based on material covered by the protective order. *Id.* The State does not object to those terms.

The State does request, however, that the state-court order remain in place to the extent it protects the Victims' personal identifying information, such as personal contact information, from public disclosure. That information should not be shared beyond the defense team, including with the defendant or by presenting unredacted material revealing that information as argument or evidence in the removal hearing. Such protections are consistent with standard practices in federal and state criminal cases. *See, e.g.*, Fed. R. Crim. P. 49.1(a) (setting forth privacy protections for court filings); Minn. R. Crim. P. 9.03, subd. 4 (noting that material produced to a party must remain in that party's custody); Minn. Gen. R. Prac. 11 (restricting use of employment or financial identifiers); Minn. Stat. Ann. § 13.82 (delineating protections for certain investigative data).

The defendant also incorrectly suggests that the terms of the state-court protective order somehow reflect "the State's attempts to operate in secret," ECF No. 45 at 4, and impede his right to confrontation and cross-examination, *id.* at 4-5. That order, and the prosecutor's certificate that preceded it, were requested by the State and issued by the state court pursuant to standard

3

procedures in criminal cases. *See* Minn R. Crim. P. 9.01, subd. 3(2) (permitting protections for information that "may endanger the integrity of a continuing investigation or subject witnesses or other persons to physical harm or coercion"). In addition, a defendant's right to confront witnesses against him does not apply under the present circumstances. *See* ECF No. 45 at 1 (arguing that the state-court protective order impedes the defendant's "ability to fully confront his accusers"). Here, it is the defendant who has petitioned this Court to assume subject-matter jurisdiction over a state-court prosecution. It is the defendant who bears the burden of demonstrating, "by competent proof," that removal is warranted. *New York v. Trump*, 683 F. Supp. 3d 334, 343 (S.D.N.Y. 2023). And it is the defendant who seeks to call the Victims as *his* witnesses to support his removal petition. Although the State does not agree that the Victims' testimony is critical to the defendant's case for removal, the defendant has insisted that "[l]ive witness testimony" from the Victims "is necessary to establish" that removal is proper in this case. ECF No. 30 at 4. Far from seeking to cross-examine the Victims, therefore, the defendant has made clear his intent to offer their testimony affirmatively in an effort to establish that removal is appropriate.

## II.     REQUEST FOR RULE 16 PROTECTIVE ORDER

While seeking to diminish the protections available to the Victims, the defendant simultaneously requests a broad protective order, under Federal Rule of Criminal Procedure 16, covering information regarding any and all individuals the defendant may identify as defense witnesses. Citing a desire for protections that are "reciprocal" and "equivalent" to those in the state-court protective order, ECF No. 46 at 2, 4, 5, the defendant asks this Court to limit the State's use of any "materials produced by the defense to the State, including the identities of any defense witnesses," *id.* at 5-6, to the evidentiary hearing on removal alone. The defendant also vaguely requests "any other relief as justice requires." *Id.* at 6. But because Rule 16 does not apply to

4

removal proceedings, because the defendant provides no witness-specific rationale for the protections he seeks, and because there is no factual or legal support for prohibiting the State's use of materials beyond the removal stage, the Court should deny the defendant's protective-order motion.

As an initial matter, the defendant provides no authority—and the State is aware of none—that Rule 16(d)(1), which the defendant invokes as the basis for his protective order request, applies at this stage of proceedings. The language of the Rule itself is silent on its applicability at this particular preliminary juncture, when the Court must determine whether it may exercise jurisdiction over a state-court prosecution in the first place. Courts have found other Federal Rules of Criminal Procedure inapplicable to removal proceedings. *See, e.g.*, *Georgia v. Meadows*, No. 1:23-CV-3621, ECF No. 65 at 181-82, 214-15 (N.D. Ga. Aug. 31, 2023) (finding Rule 26.2 does not apply at removal hearing). And though the defendant argues that he requires an order providing symmetric "procedural protections" to "prepare and present a defense," ECF No. 46 at 3-4, it is not his defense to the charged crimes but rather an affirmative case for removal that he must present at the hearing.

Moreover, the defendant's motion is devoid of factual support for the sweeping protections he seeks. In the name of parity, the defendant requests a protective order for defense witnesses that is "equivalent" to the state-court order. *Id.* at 4. But he ignores that he is simultaneously seeking to abrogate that state-court order, complaining that it is "extraordinary and no longer functional for a federal evidentiary hearing." ECF No. 45 at 2. He also fails to mention that in issuing the order, the state court considered witness-specific concerns presented by the State, granting protections for materials related only to the two Victims rather than the type of blanket protection the defendant now seeks. *See* ECF No. 45-1. Against that backdrop, the defendant

5

provides no rationale for a protective order covering any and all defense witnesses—a broad and ill-defined category that could include the defendant himself, professional expert witnesses, or even the State Patrol officer who has publicly signed the criminal complaint in this case. The only factor determining what is covered by the defendant's proposed protective order seems to be whether the material pertains to someone the defendant happens to deem a "defense witness." A protective order with such terms is both unworkable and unjustified.

The defendant likewise offers no justification or legal authority for his ultimate demand: that this Court prohibit the State from using any defense-provided material, "including the identities of any defense witnesses," once the evidentiary hearing on removal concludes. ECF No. 46 at 5-6. To the extent the defendant seeks consensus that neither party will make public any witness's personal identifying information, such as personal contact information, the State agrees to those protections. *See supra* 2, 3. Yet the defendant's request to limit the State's use of any and all defense-provided materials "exclusively" to the evidentiary hearing extends much further than that. Such a prohibition, for example, would prevent the State from discussing defense material in post-hearing briefing and would even preclude the State from later referencing the identities of defense witnesses who testified at the removal hearing. Courts have permitted parties to use evidence adduced at the removal stage in subsequent litigation, including for post-hearing briefing or later arguments on asserted defenses. *See, e.g.*, *Meadows*, No. 1:23-CV-3621, ECF No. 66 at 5-6 (referencing evidence, including defendant's testimony, presented at removal hearing in the state's post-hearing brief); *Georgia v. Meadows*, 692 F. Supp. 3d 1310, 1318 (N.D. Ga.), *aff'd*, 88 F.4th 1331 (11th Cir. 2023) (considering removal hearing evidence and parties'

arguments in post-hearing briefing).  The Court should not order otherwise here, as there is no basis for the dramatic restrictions the defendant requests.

## III.   CONCLUSION

For the reasons discussed above, the State agrees that the defendant may be present in court at the evidentiary hearing on removal, and it further agrees that witnesses who testify at the hearing should do so in open court and using their names.  But the parties should not make public the personal identifying information of any witness, and such information should be redacted from material used at the hearing or publicly filed.  Finally, the Court should deny the defendant's request for a separate protective order, because he fails to cite any applicable authority for issuing such an order and because the restrictions he seeks—providing blanket protections for any and all defense witnesses, and precluding the State from using defense-provided material after the removal hearing—are wholly unwarranted.

 Dated: August 10, 2026

Respectfully Submitted,

MARY F. MORIARTY
Hennepin County Attorney

/s/ *Morgan D. Kunz*
MORGAN D. KUNZ
JOSHUA R. LARSON
HENNEPIN COUNTY ATTORNEY'S OFFICE
300 S. 6th St.
Minneapolis, MN 55487
(612) 348-5550
Morgan.Kunz@hennepin.us

/s/ *Julia Gegenheimer*
JULIA GEGENHEIMER* (D.C. Bar No. 90034692)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
   AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW

7

Washington, D.C. 20001
(202) 661-6539
jg1370@georgetown.edu

<u>/s/ James I. Pearce</u>
JAMES I. PEARCE* (D.C. Bar No. 90042280)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
(202) 521-8750
jpearce@washingtonlitigationgroup.org

*Counsel for State of Minnesota*

\* *Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, a true and accurate copy of the State of Minnesota's Response to ECF Nos. 45 and 46 was filed electronically with the Court's CM/ECF filing system, which will then send notification of such filing to the parties, including:

RYAN M. PACYGA
Ryan Pacyga Criminal Defense
860 Blue Gentian Road
Suite 175
Eagan, MN 55121
612-339-5844
ryan@arrestedmn.com

*Attorney for Defendant*

This 10th day of August, 2026.

/s/ *Julia Gegenheimer*
JULIA GEGENHEIMER* (D.C. Bar No. 90034692)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 661-6539
jg1370@georgetown.edu

* *Admitted pro hac vice*

9