**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STATE OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY DONNELL MORGAN, JR.,<br><br>Defendant. | Case No. 26-CR-112 (NEB)<br><br><br><br>ORDER |

Defendant Gregory Morgan seeks to remove his state criminal prosecution to federal court. (ECF No. 1.) The Court scheduled an evidentiary hearing under 28 U.S.C. Section 1455(b)(4) to evaluate whether Morgan is entitled to removal. (ECF No. 14.) The Court initially planned to allow the parties leeway in deciding what evidence to submit at the evidentiary hearing. (*See* ECF No. 32.) When it became clear to the Court through voluminous and last-minute pre-hearing letters, briefing, and motions that the parties' intended scope of the evidentiary hearing exceeded the bounds of a limited jurisdictional hearing, the Court cancelled the hearing—a step the Court did not take lightly. (ECF No. 48.) Now the Court considers the scope of the evidentiary hearing and the three pending motions. (ECF Nos. 45–47.)

There is a dearth of case law on the scope of Section 1455(b)(4) evidentiary hearings. Section 1455(b)(4) is an infrequently invoked statute, and evidentiary disputes in the statutorily prescribed hearing are even less frequent. *See Georgia v. Clark*, No. 1:23-CV03721, 2023 WL 7012663, at *4 (N.D. Ga. Sept. 29, 2023) ("The Court is not aware of any prior cases that discuss what evidence is to be considered at the statutorily mandated evidentiary hearing under 28 U.S.C. § 1455(b)(5)."), *aff'd*, 119 F.4th 1304 (11th Cir. 2024) (per curiam). So the Court draws on a nearly blank slate, guided by the removal standard.

Morgan, as the removing party, bears the burden of demonstrating that removal is proper. *Minnesota ex rel. Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 714 (8th Cir. 2023). To remove to federal court under the federal officer removal statute, Morgan must establish that (1) he is a federal officer; (2) the suit is "for or relating to any act under color of such office"; and (3) Morgan has a colorable federal defense. 28 U.S.C. § 1442(a)(1); *Chevron USA Inc. v. Plaquemines Par., Louisiana*, 146 S. Ct. 1052, 1057–58 (2026); *id.* at 1060 (explaining that the second element "sweeps broadly"). The federal officer removal statute must be liberally construed. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007). That liberal construction should be balanced against a "strong judicial policy against federal interference with state criminal proceedings" *Mesa v. California*, 489 U.S. 121, 138 (1989) (citation omitted).

Upon filing a notice of removal, the Court should order summary remand if it clearly appears on the face of the notice that removal is impermissible. 28 U.S.C. § 1455(b)(4). Otherwise, the Court must order an evidentiary hearing. § 1455(b)(5). Because removal was not clearly impermissible on the face of the notice, the Court ordered an evidentiary hearing. (ECF No. 14.)

At this stage, the Court's role is not to decide the defense's ultimate merits; the Court merely considers whether the defense is colorable. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999), *superseded by statute on other grounds by* Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545. And "[f]or a defense to be considered colorable, it need only be plausible." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). "In evaluating the propriety of removal," the Court "must credit the defendants' theory of the case." *Griffin v. Optum, Inc.*, 175 F.4th 897, 902 (8th Cir. 2026).

Given this standard, one thing is clear: An evidentiary hearing is not a trial, or even a mini-trial. Yet the parties' pre-hearing filings seem to assume that the scope of the hearing is more robust than the limited jurisdictional inquiry mandated by the statute. The Court has waded through the ten letters,[1] eight briefs, and four motions on the docket for what should be a straightforward evidentiary hearing. And those submissions appear to contemplate something far beyond a jurisdictional hearing.

The parties' approach is especially confounding because these facts are not complex. This case does not have a thirty-four-count indictment with several theories of liability related to falsification of business records over the course of a year. *See, e.g.*, *New York v. Trump*, 683 F. Supp. 3d 334, 338–341 (S.D.N.Y. 2023) (evidentiary hearing with one witness). The indictment does not allege a conspiracy to keep the president in power despite losing the election. *See, e.g.*, *Arizona v. Meadows*, No. 24-CV-2063-PHX-JJT, 2024 WL 4198384, at *1 (D. Ariz. Sept. 16, 2024); Transcript, *Meadows*, No. 24-CV-2063-PHX-JJT, 2024 WL 4198384, ECF No. 20 (three-and-a-half-hour evidentiary hearing with oral argument and two witnesses). Nor is this a murder charge. *See, e.g.*, *Michigan v. Keely*, No. 1:24-CV-672, 2024 WL 3934001, at *1 (W.D. Mich. Aug. 26, 2024); Evidentiary Hearing, *Keely*, No. 1:24-CV-672, 2024 WL 3934001, ECF No. 17 (three-hour evidentiary hearing with oral argument and three witnesses).

Instead, the facts are relatively straightforward. According to the notice of removal, Morgan was driving on the shoulder of a highway when a car twice cut him off, then Morgan brandished his service weapon to the other car. (ECF No. 1 at 2.) The Court understands that this case has become highly politicized, but that is no matter for the

[1] The Court ordered the parties to request permission to file letters. (ECF Nos. 44 ("Letters between the parties should not be filed with the Court; letters to the Court may only be filed with permission."); *see* ECF No. 42.)

Court. What matters to the Court is conducting an orderly evidentiary hearing that aids the Court in its jurisdictional inquiry.

Thus, the Court places the following guardrails on the jurisdictional hearing: The Court will allocate three hours for the evidentiary hearing. The parties can call any witness they want and submit any evidence within that time. If, after the hearing, the Court decides that additional time is necessary for a jurisdictional decision, the Court will discuss it with the parties.[2]

The parties may submit exhibits, including expert witness reports. The parties must file with the Court a list of exhibits, expert reports, and witnesses five business days before the hearing. If a pre-hearing motion is necessary, it must be filed five business days before the hearing, and responses three business days before the hearing, but any motion must reflect the narrow scope of the hearing and the Court's inquiry. The parties shall make diligent and faithful efforts to resolve issues before bringing any matter to the Court's attention.

That leaves the three pending motions. *First*, Morgan moves for an order directing the full presentation of unredacted evidence. (ECF No. 45.) This motion is in response to a state-court protective order regarding the witnesses. The State does not appear to object to Morgan's presence at the evidentiary hearing or the full presentation of evidence, including the identity of witnesses. Thus, the motion is denied as moot. Requested

[2] Morgan has repeatedly referenced his expansive right to present evidence at the evidentiary hearing. Although Morgan has the burden to show he is entitled to removal, Morgan's right to submit evidence supporting removal is not all-encompassing—there are limits. *E.g.*, *Life Plus Int'l v. Brown*, 317 F.3d 799, 807 (8th Cir. 2003) ("Trial courts are permitted to impose reasonable time limits [at trial] on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence.").

redaction of particular exhibits should be worked out by the parties; if they cannot agree, the Court will address it at the hearing.

*Second*, Morgan moves for a reciprocal protective order for Morgan's disclosures and witnesses. (ECF No. 46.) The requested relief is not "reciprocal" considering the State's concessions on Morgan's first motion. Regardless, this motion is premature until the Court determines where the case should be prosecuted. The motion is denied.

*Third*, the State moves for use immunity for witnesses to allow them to testify at the evidentiary hearing. (ECF No. 47.) The circumstances of this motion are unusual: Morgan—not the State—wants to call the witnesses, the witnesses *may* invoke their Fifth Amendment rights on the witness stand, and Morgan and the federal government oppose the motion. The State invokes state and federal statutes, but the State fails to show that those statutory requirements have been met. *E.g.*, Minn. Stat. § 609.09 (providing immunity "if the judge finds that to do so . . . would not be likely to expose the witness to prosecution in another state or in the federal courts"); 18 U.S.C. § 6003 ("[U]pon the request of the United States attorney for such district . . . ."). The witnesses may invoke their Fifth Amendment right to refuse to testify, but the Court will not grant immunity on the facts presented. The motion is denied.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The parties' motions (ECF Nos. 45–47) are DENIED;

2. The State's motion for leave to file a reply (ECF No. 51) is DENIED;

3. The Court's courtroom deputy will contact the parties to schedule the evidentiary hearing;

4. The parties must file with the Court all exhibit lists, expert witness reports, witnesses, and motions no later than 5 p.m. Central Time five business days before the evidentiary hearing. Responses to motions are due no later than 5 p.m. Central Time three business days before the evidentiary hearing. No replies shall be allowed.

Dated: August 24, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge